41832, 41994. RONSKOWSKY v. PETERS (two cases).
(327 SE2d 735)

GREGORY, Justice.

This case involves a history of dealings between these parties, beginning in 1976, with the purchase of a parcel of improved real estate. In April 1984, appellee Peters initiated foreclosure proceedings against appellant Ronskowsky. Ronskowsky filed suit praying, inter alia, that foreclosure be enjoined pending a determination of the merits of the case. Following a hearing the trial court, on September 4, 1984, entered an order "restraining the foreclosure sale until further order of the court upon [Ronskowsky's] satisfaction of certain conditions," including the posting of a bond within three days of the date of the order in the amount of $5,000. The trial court states in its order that the purpose of this bond is to protect Peters against "losses incurred by not being able to proceed with the foreclosure, diminu-

tion in value of the subject property and the expenses of litigation including attorney fees . . . up to a sum of $5,000."

Ronskowsky did not post the bond, but instead filed an appeal to this court, Case No. 41832. Thereafter, Peters filed a motion for an order of foreclosure. Following a hearing on this motion the trial court, on October 5, 1984, entered an order dissolving the September 4, 1984 temporary injunction and ordering that Peters be allowed to proceed with the foreclosure. However, the trial court stayed the order of foreclosure provided that Ronskowsky, by a time certain, post a supersedeas bond in the amount of $7,500, "conditioned as follows . . . upon the payment of the costs of appeal, including costs of transcript and reasonable attorney fees; upon the payment of losses sustained by [Peters] . . . including diminution in value; and upon payment of such other costs as may be ordered and determined by the court after the appeal of the case to the Georgia Supreme Court."

Ronskowsky thereafter appealed the October 5 order to this court, Case No. 41994, complaining that the quoted terms of the bond are illegal. We granted Ronskowsky's motion to consolidate the two cases. We point out that the merits of the lawsuit have not been resolved and are not before us on appeal.

1. Case No. 41832. Upon Ronskowsky's failure to post bond, the trial court had the authority to dissolve the September 4, 1984 injunction while the case was on appeal to this court. OCGA § 9-11-62 (c).

2. Case No. 41994. Ronskowsky cites no authority for the proposition that the conditions of the October 5, 1984 bond are illegal. OCGA § 9-11-62 (c) provides that "when an appeal is taken from an interlocutory . . . judgment granting . . . an injunction, the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." This statutory authority is clearly broad enough to permit imposition of the bond conditions in this case. Our decision is not, however, a determination that Peters is entitled to attorney fees or other expenses of litigation. As stated above, the merits of the case have yet to be decided. If Ronskowsky prevails on the merits, no payment will be required under the bond. It was appropriate for the trial court to condition the bond upon the payment of the expenses of litigation in the event a determination of the merits reveals these expenses are authorized under proper rules of law.

*Judgment affirmed in Case No. 41832 and Case No. 41994. All the Justices concur.*

DECIDED APRIL 3, 1985 —
REHEARING DENIED APRIL 23, 1985.

*Fred A. Gilbert,* for appellant.
*Read, Huddleston & Medori, Charles D. Read, Jr.,* for appellee.